## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JANICE FREDERICKS,

      Plaintiff,

                             Case No.: _____

v.

TOUCHPOINT SUPPORT SERVICES,        **NOTICE OF REMOVAL**
LLC,

      Defendant.

Defendant TouchPoint Support Services, LLC ("TouchPoint"), by and through counsel, files this Notice removing the action styled *Janice Fredericks v. TouchPoint Support Services, a foreign corporation*, Case No. 2018-169364-NO, from the Circuit Court for the County of Oakland, State of Michigan, to the United States District Court for the Eastern District of Michigan. TouchPoint states the following in support:

### I.     FACTUAL AND PROCEDURAL BACKGROUND

1.    Plaintiff Janice Fredericks ("Plaintiff") filed her Complaint and Jury Demand ("Complaint") on October 19, 2018, in the Circuit Court for the County of Oakland, State of Michigan, Case No. 2018-169364-NO. A copy of the Complaint is attached hereto as **Exhibit A**.

2.      TouchPoint received the Complaint via certified mail to its registered agent in East Lansing, Michigan, on November 13, 2018.  [*See* **Exhibit A** at Notice of Service of Process and Summons].

3.      In her Complaint, Plaintiff alleged that on November 16, 2015, she slipped and fell on a floor that had been recently cleaned, mopped or waxed at Southfield Providence Hospital in Southfield, Michigan.  [*See* **Exhibit A** at ¶¶ 5, 11, 13].

4.      Plaintiff went on to allege that TouchPoint, a housekeeping service company, was negligent in failing to warn her of the allegedly dangerous condition of the floor.  [*See* **Exhibit A** at ¶¶ 10-13].

5.      In her Complaint, Plaintiff alleges negligence and premises liability against TouchPoint based on her fall at Southfield Providence Hospital on November 16, 2015.  [*See* **Exhibit A**, Counts I and II].

## II.     PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

6.      Under 28 U.S.C. § 1446(b)(3), a "notice of removal may be filed" within thirty (30) days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removeable."

7.      Plaintiff did not specify the amount in controversy in her Complaint and TouchPoint did not otherwise ascertain the amount in controversy until

December 20, 2018, when Plaintiff admitted in response to TouchPoint's discovery requests that the amount in controversy exceeded $75,000. [*See* **Exhibit B**, Plaintiff's Responses to TouchPoint's Request for Admissions, at ¶16 and Certificate of Service]; *see also JHoman, LLC v. U.S. Sec. Assocs., Inc.*, 513 F. Supp. 2d 913, 916 (E.D. Mich. 2007) ("The courts have recognized that discovery responses may qualify as 'other paper[s]' that permit removal of a case that was not initially removable.") (citing cases).

8.      This Notice is therefore timely under Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of TouchPoint first learning that the amount in controversy exceeds the sum or value of $75,000.00. [*See* **Exhibit B** at ¶16 and Certificate of Service].

9.      TouchPoint has included with this Notice of Removal "a copy of all process, pleadings, and orders served upon" them in this action. [*See* **Exhibit A**; **Exhibit D**, Defendant TouchPoint Support Services' Answer to Plaintiff's Complaint and Jury Demand].

10.     Venue is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this Court, the United States District Court for the Eastern District of Michigan, is the district and division within which the underlying state court action is pending.

11.     There are no other parties to this action to join in or otherwise consent to removal.

12.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

### III.   DIVERSITY JURISDICTION EXISTS

13.     Federal district courts have original jurisdiction based on diversity of citizenship over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between" citizens of different states.  28 U.S.C. § 1332(a).

14.     Both jurisdictional requirements are satisfied here.

**There is complete diversity between the parties.**

15.     Plaintiff is an individual and is domiciled in the State of Michigan. [*See* **Exhibit A** at ¶ 1].

16.     TouchPoint is a limited liability company whose citizenship depends on the citizenship of each member of the company.  *Citizens Bank v. Plasticware, LLC*, 830 F. Supp. 2d 321, 325 (E.D. Ky. 2011) ("Sixth Circuit precedent holds that 'a limited liability company is not treated as a corporation and has the citizenship of its members.'") (quoting *Homfeld II, LLC v. Comair Holdings, Inc.*, 53 F. Appx. 731, 732 (6th Cir. 2002)).  TouchPoint's sole member is Compass Group USA, Inc.  ("Compass Group USA").  A corporation is a citizen of every place in "which it is incorporated" and "where it has its principal place of business[.]"  28 U.S.C. 1332(c)(1).  Compass Group USA is a Delaware

4

corporation with its principal place of business in North Carolina.  TouchPoint is therefore a citizen of Delaware and North Carolina.  TouchPoint was not, at the time of the filing the Complaint, a citizen of the State of Michigan.

17.     There is complete diversity of citizenship between the real parties in interest in this case under 28 U.S.C. §§ 1332(a) and 1332(c).

**The amount in controversy exceeds $75,000.**

18.     In her Complaint, Plaintiff claims various monetary damages but does not set forth a specific sum.  [*See* **Exhibit A** at ¶¶ 28-30].  TouchPoint may thus "assert amount in controversy" in this Notice.  28 U.S.C. § 1446(c)(2).

19.     Plaintiff's prayer for relief in her Complaint requests judgment against TouchPoint ". . . in an amount in excess of Twenty Five Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney fees."  [*See* **Exhibit A**, Complaint at p. 8, "WHEREFORE" clause and prayer].

20.     On December 12, 2018, TouchPoint's counsel served First Request for Admissions to Plaintiff, which included a request for Plaintiff to "[a]dmit that the amount in controversy in this lawsuit exceeds the sum or value of $75,000.00." [*See* **Exhibit C**, TouchPoint's First Request for Admissions to Plaintiff, No. 16].

21.     Plaintiff responded to TouchPoint's First Request for Admissions on December 20, 2018, and, in those responses, Plaintiff admitted that the amount in controversy in this lawsuit exceeds the sum or value of $75,000.  [*See* **Exhibit B** at No. 16].

22.     The amount in controversy is therefore satisfied under 28 U.S.C. §§ 1332(a) and 1446(c) because it exceeds the sum or value of $75,000.  [*See* **Exhibit B** at No. 16].

## IV.    CONCLUSION

23.     This Court has original jurisdiction over this action.  The amount in controversy is satisfied.  No additional consent for removal is required.

24.     By removing this action, TouchPoint does not waive any defenses available to it under state or federal law.

25.     A copy of this Notice was filed with the Circuit Court for the County of Oakland, State of Michigan.  A copy was served on Plaintiff as well.

WHEREFORE, TouchPoint Support Services, LLC removes the action styled *Janice Fredericks v. TouchPoint Support Services, a foreign corporation*, Case No. 2018-169364-NO, from the Circuit Court for the County of Oakland, State of Michigan, to the United States District Court for the Eastern District of Michigan, and requests that this Court retain jurisdiction for all further proceedings.

Dated: January 3, 2019

> Respectfully submitted,
>
> /s/ Marcus R. Sanborn
> Marcus R. Sanborn (P69565)
> BLEVINS SANBORN JEZDIMIR ZACK PLC
> 1842 Michigan Ave.
> Detroit, Michigan 48216
> Phone:      (313) 338-9500
> Email:      msanborn@bsjzlaw.com
>
> *Attorneys for Defendant TouchPoint*
> *Support Services*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 3, 2019, the foregoing was filed via the Court's Electronic Filing System. Notice of this filing will be sent by operation of the Court's Electronic Filing System to all parties of record:

William E. Gray, P45492
COCHRAN, KROLL & ASSOCIATES, P.C.
15510 Farmington Road
Livonia, Michigan 48154
Telephone:  (734) 425-2400
Facsimile:  (734) 425-7885
Email:  wgray@cochranlaw.com

*Attorney for Plaintiff*

/s/ Marcus R. Sanborn
Marcus R. Sanborn

# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 18958542**
**Date Processed: 11/13/2018**

| | |
|---|---|
| **Primary Contact:** | Cynthia Jones<br>Compass Group North America<br>2400 Yorkmont Rd<br>Charlotte, NC 28217-4511 |

| | |
|---|---|
| **Entity:** | Touchpoint Support Services<br>Entity ID Number 3290399 |
| **Entity Served:** | Touchpoint Support Services |
| **Title of Action:** | Janice Fredericks vs. Touchpoint Support Services |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Oakland County Circuit Court, MI |
| **Case/Reference No:** | 2018-169364-NO |
| **Jurisdiction Served:** | Michigan |
| **Date Served on CSC:** | 11/13/2018 |
| **Answer or Appearance Due:** | 28 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | William E. Gray<br>734-425-2400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>**JUDICIAL DISTRICT**<br>6th **JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS** | **CASE NO.**<br>2018-169364-NO |
|---|---|---|

| Court address | Court telephone no. |
|---|---|
| 1200 North Telegraph Road, Pontiac, Michigan 48341 | (248) 858-0582 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| JANICE FREDERICKS | v | TOUCHPOINT SUPPORT SERVICES<br>c/o Resident Agent CSC-Lawyers Incoporating Service Co.<br>601 Abbot Road<br>East Lansing, MI 48823 |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| WILLIAM E. GRAY P45492<br>Cochran, Kroll & Associates, P.C.<br>15510 Farmington Road<br>Livonia, MI 48154<br>(734) 425-2400 |

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint **to file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>10/22/2018 | Expiration date*<br>JAN 18 2019 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (8/18)   **SUMMONS**                                    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

FILED   Received for Filing   Oakland County Clerk   10/22/2018 2:43 PM

| SUMMONS |
| Case No. 2018-169364-NO |

### PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____  Signature: _____
Date                                      Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

FILED   Received for Filing   Oakland County Clerk   10/22/2018 2:43 PM

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

JANICE FREDERICKS,

        Plaintiff,

-vs-

TOUCHPOINT SUPPORT SERVICES,
A foreign corporation

        Defendant.

2018-169364-NO

JUDGE PHYLLIS C. MCMILLEN

Case No. 18-      -NO

Hon.

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

WILLIAM E. GRAY P45492
COCHRAN, KROLL & ASSOCIATES, P.C.
Attorney for Plaintiff
15510 Farmington Road
Livonia, Michigan 48154
TEX: 734/425-2400
FAX: 734/425-7885
wgray@cochranlaw.com

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

> There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.

NOW COMES the above named Plaintiff, Janice Fredericks, by and through counsel, Cochran, Kroll & Associates, P.C., and complains against Defendant, TouchPoint Support Services, as follows:

## COMMON ALLEGATIONS

1.    Plaintiff, Janice Fredericks, is a resident of the City of Farmington, County of Oakland, State of Michigan.

2.    Defendant, TouchPoint Support Services, a foreign corporation with a resident agent, CSC-Lawyers Incorporating Service Co., 601 Abbot Road, East Lansing, MI 48823,

FILED   Received for Filing   Oakland County Clerk   10/19/2018 5:05 PM

FILED   Received for Filing   Oakland County Clerk   10/19/2018 5:05 PM

provides housekeeping services which include labor for healthcare facilities such as Southfield Providence Hospital located in the City of Southfield, County of Oakland, State of Michigan.

3.      Jurisdiction is proper in this court because of an incident that occurred on or about November 16, 2015, in the City of Southfield, County of Oakland, State of Michigan.

4.      The amount in controversy is in excess of Twenty Five Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney fees.

5.      On or about November 16, 2015, Janice Fredericks was a business invitee while employed as a registered nurse by Southfield Providence Hospital, working on the postpartum third floor of Southfield Providence Hospital which is located in the City of Southfield, County of Oakland, State of Michigan.

6.      On the aforementioned date, she was working "the midnight shift" which ran from 7:00 p.m. through 7:00 a.m., the following morning.

7.      Special circumstances existed when Southfield Providence Hospital reduced the hallway lighting during the aforementioned timeframe to accommodate patients in nearby rooms.

8.      At approximately 3:30 a.m. on November 16, 2015, Janice Fredericks, after leaving a patient's room, was carrying a patient's medical tray and was walking towards a storage room commonly referred to as the "dirty utility room."

9.      The "dirty utility room" is a separate enclosed windowless room with a single doorway and door connecting to the main hallway making entrance into the room unavoidable.

10.     Defendant, TouchPoint Support Services, was under contract with Southfield Providence Hospital to provide housekeeping services that included cleaning, mopping and waxing the hospital floors.

2

FILED   Received for Filing   Oakland County Clerk   10/19/2018 5:05 PM

11.     On or about November 16, 2015, employees for Defendant, TouchPoint Support Services, were cleaning, mopping and waxing parts of the third floor of Southfield Providence Hospital.

11.     Defendant, TouchPoint Support Services, cleaned, mopped and/or waxed the floor area near the dirty utility room prior to where Ms. Fredericks was walking at 3:30 a.m. on November 16, 2015 thereby making that part of the floor slippery and dangerous for use.

12.     Defendant, TouchPoint Support Services, failed to post any warning signs or place hazard cones to indicate that the floor near the dirty utility room located on the third floor of Southfield Providence Hospital had been recently cleaned, mopped and/or waxed.

13.     As Janice Fredericks turned the corner from the main hallway leading to the dirty utility room, she was caused to slip and fall on the recently cleaned, mopped and/or waxed floor.

14.     As a direct and proximate result of the accidental injuries sustained in the above stated accident, Plaintiff, Janice Fredericks, sustained severe, permanent and serious personal injury to her left hand and has incurred medical expenses and other expenses, by way of example and not by way of limitation, for:

a.     Reasonable and necessary medical expenses for care, recovery, or rehabilitation;

b.     Lost wages; and

c.     Pain and suffering.

15.     Defendant, TouchPoint Support Services, owed a duty to ensure that the floor that they were mopping, cleaning and/or waxing was either properly dried before allowing persons access to the subject floor area and/or provide adequate warning to all

3

persons using the hallway area and as a result of their negligence, directly and proximately causing Plaintiff to suffer serious and painful personal injuries.

WHEREFORE, Plaintiff, Janice Fredericks, respectfully requests that this Court issue a judgment against Defendant, TouchPoint Support Services, in favor of Plaintiff, Janice Fredericks, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) plus interest, costs and attorney fees.

## COUNT I – General and Active Negligence of Defendant

16.     Plaintiff incorporates by reference each and every preceding paragraph as though fully stated herein.

17.     Upon information and belief, Defendant, TouchPoint Support Services, was responsible for cleaning, mopping and/or waxing the third floor of the Southfield Providence Hospital on or about November 16, 2015.

17.     Defendant, TouchPoint Support Services, as a permitted user of the premises, owed a duty to Plaintiff, Janice Fredericks, as a business invitee to maintain the premises in a condition fit for the use intended by the business invitees as well as to keep the premise in reasonable repair during the period of time that it was cleaning, mopping and/or waxing the subject floor and to comply with all applicable health and safety laws of the state and local units of government where the premises was located and breached said statutory duty by way of illustration and to limitation:

    a.    Defendant failed to maintain areas where business invitees regularly walk including the floor where Ms. Janice Fredericks slipped and fell, in a safe and reasonable condition, thus failing to allow Plaintiff to safely walk on the subject floor;

    b.    Defendant failed to warn Plaintiff, Janice Fredericks, that the subject floor had been recently cleaned, mopped and waxed near the entrance to the dirty utility room when they knew or should have known that it was unsafe for use;

FILED   Received for Filing   Oakland County Clerk   10/19/2018 5:05 PM

4

FILED   Received for Filing   Oakland County Clerk   10/19/2018 5:05 PM

c.    Defendant failed to place and/or arrange warning signs and/or hazard cones near the recently cleaned, mopped and/or waxed floor thus creating a hidden defect or unreasonably dangerous harmful condition to business invitees, such as Plaintiff;

d.    Defendant failed to inspect and discover the slippery floor condition as described in (a), (b) and (c);

e.    Defendant failed to protect business invitees, including Plaintiff, Janice Fredericks, from the dangerous and slippery floor condition Defendant created by the cleaning, mopping and/or waxing of same;

f.    Defendant failed to exercise due care and caution in the maintenance of the floor; and

g.    Defendant failed to provide proper, safe and adequate access and egress to and from the dirty utility room.

18.    Defendant, TouchPoint Support Services, failed to use warning signs, hazard cones and/or other materials to ensure that business invitees such as Plaintiff, Janice Fredericks, was warned and/or protected from the hidden defects and/or unreasonably dangerous conditions created by the cleaning, mopping and/or waxing of the floor.

19.    Defendant, TouchPoint Support Services, did not adequately inspect the floor to discover the unreasonable condition and/or hidden defect created by their cleaning, mopping and/or waxing of the floor.

20.    Defendant, TouchPoint Support Services, knew or should have known that by cleaning, mopping and/or waxing the floor, it would create a hidden defect and/or an unreasonably dangerous condition that would cause serious harm to business invitees like Plaintiff.

21.    As a direct and proximate result of Defendant TouchPoint Support Services' breach of its duties, Plaintiff sustained serious and permanent personal injuries.

**COUNT II Premises Liability of Defendant**

22.    Plaintiff incorporates by reference each and every preceding paragraph as though stated herein.

FILED Received for Filing Oakland County Clerk 10/19/2018 5:05 PM

23. Defendant, TouchPoint Support Services, was in control/possession of the third floor of the Southfield Providence Hospital on or about November 15, 2015 in order to clean, mop and/or wax the floor.

24. The cleaned, mopped and waxed floor created a defective condition on the third floor of Southfield Hospital thereby making it unreasonably dangerous.

25. Defendant, TouchPoint Support Services, owed Plaintiff, Janice Fredericks, an invitee, the duty to maintain the subject floor in a condition fit for reasonable use and breached said duty by way of illustration and not limitation:

    a.    Defendant failed to maintain areas where business invitees regularly walk including the floor where Ms. Janice Fredericks slipped and fell, in a safe and reasonable condition, thus failing to allow Plaintiff to safely walk on the subject floor;

    b.    Defendant failed to warn Plaintiff, Janice Fredericks, that the subject floor had been recently cleaned, mopped and waxed near the entrance to the dirty utility room when they knew or should have known that it was unsafe for use;

    c.    Defendant failed to place and/or arrange warning signs and/or hazard cones near the recently cleaned, mopped and/or waxed floor thus creating a hidden defect or unreasonably dangerous harmful condition to business invitees, such as Plaintiff;

    d.    Defendant failed to inspect and discover the slippery floor condition as described in (a), (b) and (c);

    e.    Defendant failed to protect business invitees, including Plaintiff, Janice Fredericks, from the dangerous and slippery floor condition Defendant created by the cleaning, mopping and/or waxing of same;

    f.    Defendant failed to exercise due care and caution in the maintenance of the floor; and

    g.    Defendant failed to provide proper, safe and adequate access and egress to and from the dirty utility room.

26. Defendant, Touchpoint Support Services, knew or should have known that the cleaning, mopping and/or waxing of the floor near the dirty utility room would create a

6

FILED   Received for Filing · Oakland County Clerk   10/19/2018 5:05 PM

hidden defect and/or unreasonably dangerous condition; and that failing to properly maintain and/or inspect the floor would create a defect and/or unreasonable condition of the floor that would cause business invitees, such as Plaintiff, serious and permanent injuries.

27.     Defendant, TouchPoint Support Services, breached all of the aforementioned duties and obligations which was the direct and proximate cause of Plaintiff Janice Fredericks' injuries more specifically described herein.

### COUNT II – Damages

28.     Plaintiff incorporates by reference each and every allegation as though fully stated herein.

29.     As a result of Defendant TouchPoint Support Services' negligence, Plaintiff, Janice Fredericks, sustained serious and permanent bodily injuries that have required significant medical treatment and may likely require future medical treatment, by way of illustration and not limitation:

   a. Permanent damage to the trapezoid metacarpal joint of the left wrist;
   b. Permanent loss of grip strength;
   c. Permanent loss of flexion;
   d. Post-surgical pain and suffering as a result of a CMC arthroplasty of her left thumb on May 3, 2016;
   e. Loss of wage earning capacity;
   f. Extreme past and future pain and suffering;
   g. Embarrassment and humiliation from falling and injuring herself;
   h. Mental anguish and post-traumatic stress;
   i. Loss of enjoyment of social and recreational pleasures; and
   j. Any other losses, injuries or damages that are discovered in the course of litigation.

30.     The above-described damages, losses and injuries are the direct and proximate result of Defendant TouchPoint Support Services' negligence and the breaches of the aforementioned duties.

7

WHEREFORE, Plaintiff, Janice Fredericks, respectfully requests a judgment against Defendant, TouchPoint Support Services, in an amount in excess of Twenty Five Thousand ($25,000.00) Dollars, exclusive of costs, interest and attorney fees.

COCHRAN, KROLL & ASSOCIATES, P.C.

/S/WILLIAM E. GRAY
WILLIAM E. GRAY P45492
Attorney for Plaintiff
15510 Farmington Road
Livonia, Michigan  48154
(734)  425-2400

Dated:  October 19, 2018

## JURY DEMAND

**NOW COMES** the above named Plaintiff, Janice Fredericks, by and through counsel, Cochran, Kroll & Associates, P.C., and hereby demands trial by jury of the facts and issues of the subject litigation.

COCHRAN, KROLL & ASSOCIATES, P.C.

/S/WILLIAM E. GRAY
WILLIAM E. GRAY P45492
Attorney for Plaintiff
15510 Farmington Road
Livonia, Michigan  48154
(734)  425-2400

Dated:  October 19, 2018

FILED   Received for Filing   Oakland County Clerk   10/19/2018 5:05 PM

8

William E. Gray, Esq.
Cochran, Kroll & Associates, P.C.
15510 Farmington Road
Livonia, MI 48154



CERTIFIED MAIL®

9314 8699 0430 0052 7244 53

RETURN RECEIPT (ELECTRONIC)



NEOPOST
11/09/2018
US POSTAGE $007.41⁰

FIRST-CLASS MAIL

ZIP 48154
041M11291511

Touchpoint Support Services
c/o Resident Agent CSC-Lawyers Incoporating
Service Co.
601 Abbot Road
East Lansing, MI 48823



# Exhibit B

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

JANICE FREDERICKS,

        Plaintiff,                Case No. 2018-169364-NO

-vs-                                Honorable Phyllis C. McMillen

TOUCHPOINT SUPPORT SERVICES, LLC,
a foreign corporation,

        Defendant.

---

| | |
|---|---|
| WILLIAM E. GRAY P45492 | MARCUS R. SANBORN P69565 |
| Cochran, Kroll & Associates, P.C. | DAVID M. ZACK P69944 |
| Attorney for Plaintiff | Blevins Sanborn Jezdimir Zack PLC |
| 15510 Farmington Road | Attorneys for Defendant |
| Livonia, Michigan  48154 | 1842 Michigan Avenue |
| TEL: 734/425-2400 | Detroit, MI  48216 |
| FAX: 734/425-7885 | TEL: 313/338-9500 |
| wgray@cochranlaw.com | msaborn@bsjzlaw.com |
| | dzack@bsjzlaw.com |

---

### PLAINTIFF'S RESPONSES TO DEFENDANT TOUCHPOINT SUPPORT SERVICES' FIRST REQUEST FOR ADMISSIONS

NOW COMES Plaintiff, Janice Fredericks, by and through her attorneys, Cochran, Kroll & Associates, P.C., and for Plaintiff's Responses to Defendant Touchpoint Support Services' First Request for Admissions, states as follows:

**REQUEST NO 1:**    Admit that, prior to the incident, you had notice of the condition of the property.

**RESPONSE:** Plaintiff objects to the Request as being vague and ambiguous. Denied for the reason that it is untrue.

**REQUEST NO 2:**    Admit that you have no evidence that defendant had notice

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

of the condition of the property.

**RESPONSE:** Plaintiff objects to the Request as being vague and ambiguous. Denied for the reason that it is untrue.

**REQUEST NO 3:**   Admit that, prior to the incident, you had warning of the condition of the property.

**RESPONSE:** Plaintiff objects to the Request as being vague and ambiguous. Denied for the reason that it is untrue.

**REQUEST NO 4:**   Admit that, prior to the incident, you knew of the condition of the property.

**RESPONSE:** Plaintiff objects to the Request as being vague and ambiguous. Denied for the reason that it is untrue.

**REQUEST NO 5:**   Admit that defendant had no notice of the condition of the property.

**RESPONSE:** Plaintiff objects to the Request as being vague and ambiguous. Denied for the reason that it is untrue.

**REQUEST NO 6:**   Admit that your claimed injuries are the result of conditions that existed prior to the incident.

**RESPONSE:** Denied for the reason that it is untrue.

**REQUEST NO 7:**   Admit that you have no facts showing that defendant failed to use reasonable care.

**RESPONSE:** Denied for the reason that it is untrue.

**REQUEST NO 8:**   Admit that any condition of the property that you contend caused your injuries was open and obvious.

**RESPONSE:** Denied for the reason that it is untrue.

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

2

**REQUEST NO 9:**   Admit that you sustained no permanent injuries as a result of the incident.

**RESPONSE:** Denied for the reason that it is untrue.

**REQUEST NO 10:**   Admit that you sustained no injuries that required medical care as a result of the incident.

**RESPONSE:** Denied for the reason that it is untrue.

**REQUEST NO 11:**   Admit that you did not lose any wages or income as a result of the incident.

**RESPONSE:** Denied for the reason that it is untrue.

**REQUEST NO 12:**   Admit that your earning capacity was not reduced or impaired as a result of the incident.

**RESPONSE:** Admit in part and denied in part.  Although Plaintiff admits to having a residual earning capacity, her overall earning capacity established at the time of her injury has been greatly reduced as a result of the injuries that she sustained from the subject incident described in plaintiff's complaint.

**REQUEST NO 13:**   Admit that your ability to enjoy life has not been reduced or impaired as a result of the incident.

**RESPONSE:** Denied for the reason that it is untrue.

**REQUEST NO 14:**   Admit that all of the injuries you are claiming in this lawsuit existed before the incident.

**RESPONSE:** Denied for the reason that it is untrue.

**REQUEST NO 15:**   Admit that some of the injuries you are claiming in this lawsuit existed before the incident.

**RESPONSE:** Denied for the reason that it is untrue.

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

3

**REQUEST NO 16:**   Admit that the amount in controversy in this lawsuit exceeds the sum or value of $75,000.00.

**RESPONSE:** Admit.

COCHRAN, KROLL & ASSOCIATES, P.C.

/S/WILLIAM E. GRAY
WILLIAM E. GRAY P45492
Attorney for Plaintiff
15510 Farmington Road
Livonia, Michigan  48154
(734)  425-2400

Dated:  December 20, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been served using the court's e-filing service which will send notification of such filing to Defendant's counsel.

/s/KIM P. MAWONG
KIM P. MAWONG, LEGAL ASSISTANT

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

# Exhibit
# C

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

JANICE FREDERICKS,
     *Plaintiff,*

*v.*

TOUCHPOINT SUPPORT SERVICES,
     *Defendant.*

Case No.  2018-169364-NO

Honorable Phyllis C. McMillen

| COCHRAN KROLL & ASSOCIATES, P.C. | BLEVINS SANBORN JEZDIMIR ZACK PLC |
|---|---|
| William E. Gray (P45492) | Marcus R. Sanborn (P69565) |
| 15510 Farmington Rd. | David M. Zack (P69944) |
| Livonia, MI 48154 (734) 425-2400 | 1842 Michigan Ave. |
| wgray@cochranlaw.com | Detroit, MI 48216 |
| Counsel for Plaintiff | (313) 338-9500 |
| | msanborn@bsjzlaw.com |
| | dzack@bsjzlaw.com |
| | Counsel for Defendant |

## DEFENDANT TOUCHPOINT SUPPORT SERVICES'
## FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

COMES NOW Defendant TouchPoint Support Services, LLC ("TouchPoint"), by and through undersigned counsel, pursuant to Michigan Rules of Civil Procedure, Rule 2.312, and propounds this First Request for Admissions to Plaintiff Janice Fredericks ("Plaintiff"), to be answered fully and completely in writing and under oath, within thirty (30) days from the date of receipt hereof.  These requests shall be deemed continuing so as to require supplemental answers between the time answered and the time of trial.

## INSTRUCTIONS

1.     If the response to the whole of a request is not known, so state, and respond to the part known.  If the response to a request or a part thereof is only partly known, provide all responsive information known and specify wherein your response is or may not be complete due to your lack of knowledge.  If exact dates, amounts, other figures or facts are not known, but you have information permitting you to make an approximate or estimated response, make such

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

response and indicate that it is an approximation or estimate because more precise information is not known to you.

2.      If any information required to respond to any request is withheld because you claim that such information is privileged or is contained in a privileged document and/or communication, identify the privilege being asserted, the names of the participants of each alleged communication, state the basis upon which the privilege is claimed, identify each such document and/or communication, the general subject matter of such privileged communication and the portion of these Requests to which each document or communication is responsive.

## DEFINITIONS

1.      "Act" means each and every action and specifically includes each and every omission to act or to take action.

2.      "You," or "your" refers to Plaintiff Janice Fredericks to whom these requests are addressed, and all of her agents, representatives, servants, employees, insurers and, unless privileged, its attorneys.

3.      "TouchPoint" refers to Defendant TouchPoint Support Services, LLC, and includes its agents, representatives, or employees.

4.      "Document(s)" means all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or any other retrievable data (whether taped, or encoded electrostatically, electromagnetically or otherwise) from whatever source derived and by whomever prepared, produced, reproduced, decimated or made; without limiting the foregoing, the word "document(s)" includes the original and any non-identical copy (such as copies that have handwritten comments on them) and also every draft and proposed draft of all memoranda, notes of meetings, telegrams, telexes, "voice mail" recordings, writings, books, bulletins, notices, instructions, letters, telephone and other messages, transcripts or notes of

9030864 v1

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

telephone conversations and conferences, telephone logs, diaries, notebooks, recordings, transcripts, affidavits, depositions, minutes, agendas, notes, notations, working papers, reports, inter- and intra-office communications, summaries, estimates, progress reports, films, pictures, photographs, slides, diary books and calendars, tape recording, videotapes, motion picture films, microfilm, microfiche, and any other writings of documentary material of any nature whatsoever, together with any attachments thereto and enclosures therewith.

5.      "Person" or "persons" shall mean any natural person and any other entity, including but not limited to, firms, corporations, associations, partnerships, proprietorships, entities, commissions, boards, department or instrumentality, joint ventures and trusts, governments, governmental agencies or bodies, or other form of legal or business entity.

6.      "Identity," "identify" or "identification," when used in reference to an individual person means to state the person's full name, present address and telephone number, present or last known position and business affiliation, and employment and business affiliation at the time in question.

7.      "Identity," "identify" or "identification," when used in reference to a document means to state the date and author, type of document, or other means of identifying the document, its location and the name and address of the document's current custodian.

8.      "Incident(s)" refers to the alleged circumstances and events surrounding the incident as alleged in Plaintiff's Complaint.

9.      "Complaint" means Plaintiff's original Complaint filed in this action and any amendments thereto.

**REQUESTS FOR ADMISSION**

**REQUEST NO. 1:**      Admit that, prior to the incident, you had notice of the condition of the property.

9030864 v1

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

**RESPONSE:**

      **REQUEST NO. 2:**    Admit that you have no evidence that defendant had notice of the condition of the property.

      **RESPONSE:**

      **REQUEST NO. 3:**    Admit that, prior to the incident, you had warning of the condition of the property.

      **RESPONSE:**

      **REQUEST NO. 4:**    Admit that, prior to the incident, you knew of the condition of the property.

      **RESPONSE:**

      **REQUEST NO. 5:**    Admit that defendant had no notice of the condition of the property.

      **RESPONSE:**

      **REQUEST NO. 6:**    Admit that your claimed injuries are the result of conditions that existed prior to the incident.

      **RESPONSE:**

      **REQUEST NO. 7:**    Admit that you have no facts showing that defendant failed to use reasonable care.

      **RESPONSE:**

      **REQUEST NO. 8:**    Admit that any condition of the property that you contend caused your injuries was open and obvious.

      **RESPONSE:**

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

9030864 v1

**REQUEST NO. 9:**   Admit that you sustained no permanent injuries as a result of the incident.

**RESPONSE:**

**REQUEST NO. 10:**   Admit that you sustained no injuries that required medical care as a result of the incident.

**RESPONSE:**

**REQUEST NO. 11:**   Admit that you did not lose any wages or income as a result of the incident.

**RESPONSE:**

**REQUEST NO. 12:**   Admit that your earning capacity was not reduced or impaired as a result of the incident.

**RESPONSE:**

**REQUEST NO. 13:**   Admit that your ability to enjoy life has not been reduced or impaired as a result of the incident.

**RESPONSE:**

**REQUEST NO. 14:**   Admit that all of the injuries you are claiming in this lawsuit existed before the incident.

**RESPONSE:**

**REQUEST NO. 15:**   Admit that some of the injuries you are claiming in this lawsuit existed before the incident.

**RESPONSE:**

**REQUEST NO. 16:**   Admit that the amount in controversy in this lawsuit exceeds the sum or value of $75,000.00.

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

9030864 v1

**RESPONSE:**

Dated:_December 12, 2018                    Respectfully submitted,

By: /s/David M. Zack
Marcus R. Sanborn (P69565)
David M. Zack (P69944)
BLEVINS SANBORN JEZDIMIR ZACK
PLC
1842 Michigan Avenue
Detroit, Michigan 48216
Telephone:  (313) 338-9500
Facsimile:  (313) 338-9500
Email:  dzack@bsjzlaw.com

***Attorney for Defendant TouchPoint Support***
***Services***

9030864 v1

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served via electronic mail

on December 12, 2018, to the following:

William E. Gray, P45492
COCHRAN, KROLL & ASSOCIATES,
P.C.
15510 Farmington Road
Livonia, Michigan 48154
Telephone:  (734) 425-2400
Facsimile:  (734) 425-7885
Email:  wgray@cochranlaw.com

***Attorney for Plaintiff***

/s/David M. Zack
David M. Zack

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

9030864 v1

# Exhibit D

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

| | |
|---|---|
| JANICE FREDERICKS, | |
| Plaintiff, | Case No. 2018-169364-NO |
| vs. | |
| | Honorable Phyllis C. McMillen |
| TOUCHPOINT SUPPORT SERVICES, | |
| A foreign corporation | |
| Defendant. | |

| | |
|---|---|
| William E. Gray | Marcus R. Sanborn (#P69565) |
| COCHRAN, KROLL & ASSOCIATES, PC | BLEVINS SANBORN JEZDIMIR ZACK PLC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 15510 Farmington Road | 1842 Michigan Ave. |
| Livonia, Michigan 48154 | Detroit, Michigan 48216 |
| Pphone: (734) 425-2400 | Phone: (313) 338-9500 |
| Email: wgray@cochranlaw.com | Email: msanborn@bsjzlaw.com |

**DEFENDANT TOUCHPOINT SUPPORT SERVICES' ANSWER TO**
**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Defendant TouchPoint Support Services, LLC ("TouchPoint") (erroneously sued here as "TouchPoint Support Services, A foreign corporation"), by and through undersigned counsel, answers Plaintiff's Complaint and Jury Demand ("Complaint") as follows:

1.      TouchPoint is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and it therefore denies them.

2.      TouchPoint admits that it is a foreign limited liability company with a resident agent at CSC-Lawyers Incorporating Service, 601 Abbott Road, East Lansing, Michigan, and that it was contracted to provide certain housekeeping services at Southfield Providence Hospital in the City of Southfield, County of Oakland, State of Michigan.   The remainder of the allegations in paragraph 2 of the Complaint are denied.

9049281

3.    TouchPoint admits that the Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over it but denies the remaining allegations, if any, in paragraph 3 of the Complaint.

4.     TouchPoint is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and it therefore denies them.

5.    The allegations in paragraph 5 of the Complaint state legal conclusions that do not require a response from TouchPoint.  If a response is required, then TouchPoint admits, upon information and belief, that Plaintiff was employed by Southfield Providence Hospital at the time of the alleged occurrence but is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint and it therefore denies them.

6.    TouchPoint is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and it therefore denies them.

7.    TouchPoint is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and it therefore denies them.

8.    TouchPoint is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and it therefore denies them.

9.    TouchPoint admits that such a utility room exists but denies the remaining allegations in paragraph 9 of the Complaint.

10.    TouchPoint admits that it was contracted to provide certain housekeeping services at Southfield Providence Hospital but it denies any characterization of the contract and it denies the remaining allegations in paragraph 10 of the Complaint.

11.    TouchPoint denies the allegations in the first paragraph 11 of the Complaint.

9049281

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

11.     TouchPoint is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second paragraph 11 of the Complaint and it therefore denies them.

12.     TouchPoint denies the allegations in Paragraph 12 of the Complaint.

13.     TouchPoint is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and it therefore denies them.

14.     TouchPoint denies the allegations in Paragraph 14 of the Complaint, including subparts a. through c.

15.     The allegations in paragraph 15 of the Complaint state legal conclusions to which no response is required.  If a response is required, then TouchPoint admits that it contracted to provide certain housekeeping services at Southfield Providence Hospital but it denies any characterization of the contract and it denies the remaining allegations in paragraph 15 of the Complaint.

Further answering, TouchPoint denies that Plaintiff is entitled to any judgment or relief requested in the "WHEREFORE" clause following paragraph 15 of the Complaint and demands that the Complaint be dismissed and judgment entered for TouchPoint, together with costs.

### COUNT I – General and Active Negligence of Defendant

16.     TouchPoint restates and incorporates by reference the above answers to paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17.     TouchPoint admits that it contracted to provide certain housekeeping services at Southfield Providence Hospital but it denies any characterization of the contract and it denies the remaining allegations in the first paragraph 17 of the Complaint.

17.     The allegations in the second paragraph 17 of the Complaint state legal conclusions to which no response is required.  If a response is required, then TouchPoint denies

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

the allegations in the second paragraph 17 of the Complaint, including subparts a. through g., and expressly denies that it is liable for any injury or damages alleged by Plaintiff.

18.    TouchPoint denies the allegations in Paragraph 18 of the Complaint.

19.    TouchPoint denies the allegations in Paragraph 19 of the Complaint.

20.    TouchPoint denies the allegations in Paragraph 20 of the Complaint.

21.    TouchPoint denies the allegations in Paragraph 21 of the Complaint.

## COUNT II – Premises Liability of Defendant

22.    TouchPoint restates and incorporates by reference the above answers to paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23.    TouchPoint denies the allegations in Paragraph 23 of the Complaint.

24.    TouchPoint denies the allegations in Paragraph 24 of the Complaint.

25.    The allegations in paragraph 25 of the Complaint state legal conclusions to which no response is required.  If a response is required, then admits that it contracted to provide certain housekeeping services at Southfield Providence Hospital but it denies any characterization of the contract and it denies the remaining allegations in paragraph 25, including subparts a. through g., and expressly denies that it is liable for any injury or damages alleged by Plaintiff.

26.    TouchPoint denies the allegations in Paragraph 26 of the Complaint.

27.    TouchPoint denies the allegations in Paragraph 27 of the Complaint.

## COUNT II (*sic*) - Damages

28.    TouchPoint restates and incorporates by reference the above answers to paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29.    TouchPoint denies the allegations in Paragraph 29 of the Complaint, including subparts a. through j.

9049281

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

30.     TouchPoint denies the allegations in Paragraph 30 of the Complaint.

Further answering, TouchPoint denies that Plaintiff is entitled to any judgment or relief requested in the "WHEREFORE" clause following paragraph 30 of the Complaint and demands that the Complaint be dismissed and judgment entered for TouchPoint, together with costs.

## AFFIRMATIVE DEFENSES

TouchPoint asserts that Plaintiff's claims are barred, in whole or in part, by the defenses set forth below. By setting forth these defenses, TouchPoint does not assume the burden of proving any fact, issue, or element where such burden properly belongs to Plaintiff. Moreover, nothing herein stated is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations. TouchPoint reserves the right to adopt and assert any additional defenses raised or asserted by any other defendant named herein, if any, and to supplement this Answer to assert any additional defenses that may become evident or appreciated after investigation and discovery in this matter.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against TouchPoint upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

If Plaintiff was damaged, either as alleged in the Complaint or at all, such damages were directly and proximately caused by the comparative negligence of others, whether or not parties to this action, and Plaintiff's recovery, if any, should be reduced in proportion of fault of those others.

### THIRD AFFIRMATIVE DEFENSE

If Plaintiff was damaged, either as alleged in the Complaint or at all, TouchPoint did not proximately cause any of the damages alleged.

9049281

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged, either as alleged in the Complaint or at all, such damages were directly and proximately caused by Plaintiff, and Plaintiff's recovery, if any, should be reduced in proportion to her own degree of fault.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's losses and damages, if any, resulted from or were caused by intervening or superseding causes not attributable to TouchPoint.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged, either as alleged in the Complaint or at all, such damages were directly and proximately caused by others whom TouchPoint did not direct or control.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged, either as alleged in the Complaint or at all, then her damages should not include those Plaintiff could have prevented with reasonable care and diligence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to join all necessary parties pursuant to MCR 2.205.

## NINTH AFFIRMATIVE DEFENSE

TouchPoint reserves the right to rely on additional affirmative defenses that are revealed through discovery and investigation in this case.

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

9049281

## JURY DEMAND

TouchPoint, by and through undersigned counsel, joins in Plaintiff's demand for a trial by jury.

WHEREFORE, having fully answered the Complaint, TouchPoint prays that the Complaint be dismissed with the costs of defending this action being awarded to TouchPoint, and for such other and further relief as the Court and jury deem just and proper.

Dated: December 8, 2018

Respectfully submitted,

/s/ Marcus R. Sanborn

Marcus R. Sanborn (P69565)
BLEVINS SANBORN JEZDIMIR ZACK PLC
1842 Michigan Ave.
Detroit, Michigan 48216
Phone: (313) 338-9500
Email: msanborn@bsjzlaw.com

*Attorneys for Defendant TouchPoint Support Services*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served via the Court's e-filing service on:

William E. Gray, P45492
COCHRAN, KROLL & ASSOCIATES, P.C.
15510 Farmington Road
Livonia, Michigan 48154
Telephone:  (734) 425-2400
Facsimile:  (734) 425-7885
Email:  wgray@cochranlaw.com

/s/  Marcus R. Sanborn

Marcus R. Sanborn

7

9049281

Document Submitted for Filing to MI Oakland County 6th Circuit Court.